UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ROY O'DANIEL ) | |
| ) | |
| Plaintiff, ) | CASE NO. 1:10-CV-25 |
| v. ) | *Mattice/Carter* |
| ) | |
| THE GUARDIAN LIFE INSURANCE ) | |
| COMPANY OF AMERICA ) | |
| ) | |
| Defendant. ) | |

REPORT and RECOMMENDATION

I. Introduction

This is an action brought under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(e) to recover disability benefits. The undersigned previously entered a report and recommendation in this action recommending that the decision of the defendant to deny plaintiff disability benefits should be upheld. The District Court, upon review of the report and recommendation, has referred this matter back to the undersigned Magistrate Judge for consideration of whether this action should be remanded to the administrator. For the reasons that follow, the undersigned RECOMMENDS this action be REMANDED to the Guardian Life Insurance Company of America (Guardian) for the limited purpose to be set forth herein.

II. Background

At the heart of this action is whether the plaintiff, when he was prescribed spironolactone on December 17, 2007, was treated during the "look back period" of November 1, 2007 to January 1, 2008 for liver disease and thus is barred from recovering disability benefits under the policy issued by defendant. The undersigned Magistrate Judge's previous report and recommendation found that the prescription for spironolactone did constitute treatment for liver

1

disease because (1) plaintiff's doctor, Dr. Carpenter, stated the spironolactone was prescribed to treat plaintiff's hypokalemia, hypomagnesemia and pedal edema, (2) Dr. Carpenter knew at the time she prescribed spironolactone that plaintiff had Hepatitis C, (3) there were no other explanations offered for the cause of plaintiff's hypokalemia and hypomagnesemia other than liver disease, and (4) thus, Dr. Carpenter must have at least *suspected* plaintiff's symptoms were caused by liver disease when she prescribed spironolactone. Consequently, plaintiff was "treated for" liver disease during the look back period.

In his objections to the report and recommendation, plaintiff raised for the first time the argument that the prescription of spironolactone was not prescribed to treat hypokalemia and hypomagnesemia since laboratory results contemporaneous to the spironolactone prescription showed plaintiff's blood levels of potassium and magnesium were, in fact, within the reference ranges. Concluding that this argument "appears to bear on a fundamental basis for Magistrate Judge Carter's conclusions," (Order, Doc. 34, Page ID # 393), the District Court referred the action back for the limited purpose of determining whether the lab reports affect the conclusions previously reached by the undersigned. In making this referral, the District Court stated I should "consider whether it would be appropriate to remand this case to the administrator to clarify the apparent discrepancies in evidence concerning Plaintiff's purported hypokalemia and hypomagnesemia."

### III. Conclusion

Upon consideration of the subsequent briefs filed by the parties, [Docs. 39 & 40], the undersigned concludes remand for a limited purpose is appropriate. Accordingly, it is RECOMMENDED[1] that

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen

1. Plaintiff's claim be REMANDED to Guardian for further administrative decision making. This remand is limited in scope, to address whether the prescription for spironolactone constituted "treatment for" liver-disease which caused hypokalemia and/or magnesemia, in light of the fact that, at or about the time the spironolactone was prescribed, plaintiff's laboratory results appear to indicate that plaintiff's blood levels of potassium and magnesium were, in fact, within the reference ranges.

2. Plaintiff will submit to Guardian, through its counsel, any additional evidence or argument (consistent with the limited scope of this remand order) within 60 days of the entry of this order.

3. Procedurally, Guardian will consider the claim on remand as an appeal of an adverse benefit determination, following the time deadlines and other requirements of the ERISA claims regulations at 29 C.F.R. § 2560.503-1(h). Guardian's decision will be considered administratively final, and Plaintiff's administrative remedies exhausted as of the time of Guardian's decision on remand.

4. Inasmuch as Guardian will make a single decision on remand, with no opportunity for administrative appeal, should Guardian obtain additional medical evidence or opinions, whether from in-house or outside medical sources, such evidence will be proffered to Plaintiff prior to the decision being made, and Plaintiff shall be afforded 14 days to comment on such evidence. Guardian's deadline to reach a decision shall be

---

(14) days after service a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file of objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 149, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

tolled during that period.

5. An order remanding an ERISA benefits claim to the administrator is not a final order disposing of the case. *See Bowers v. Sheet Metal Workers' Nat'l Pension Fund*, 365 F.3d 535, 536-37 (6th Cir. 2004) (remand does not constitute a final judgment, and either party could challenge the decision on remand in the same civil action). In the event that Guardian's decision on remand is unfavorable, Plaintiff's appropriate avenue for further judicial review is to re-open this action, not to file a new lawsuit.

S /*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE